UNITED STATES of America, Plaintiff–Appellee,

v.

Troy Paul CRUMBLEY, Defendant–Appellant.

No. 88–8262.

United States Court of Appeals, Eleventh Circuit.

May 15, 1989.

Donald F. Samuel, The Garland Firm, Atlanta, Ga., for defendant-appellant.

Wilmer Parker, III, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before RONEY, Chief Judge, HATCHETT, Circuit Judge, and HENDERSON, Senior Circuit Judge.

RONEY, Chief Judge:

This case raises the question of what is required by Rule 11(f) of the Federal Rules

of Criminal Procedure for a court to approve a criminal forfeiture as a part of a guilty plea agreement. As to a guilty plea, Rule 11(f) provides that the court should not enter judgment "without making such inquiry as shall satisfy it that there is a factual basis for the plea." That factual basis must appear in the record of the Rule 11 proceeding.

Assuming without deciding that Rule 11(f) has some application to the forfeiture part of a plea agreement, the Government not having put the point in issue, we hold the rule to be sufficiently met if the entire record provides a factual basis for the forfeiture, the court not being limited to the record of the Rule 11 proceeding.

An indictment against Paul Troy Crumbley charged four criminal counts and listed properties alleged to be forfeitable under 21 U.S.C.A. § 853. At the time of the indictment, a capital murder charge was pending against Crumbley in state court. Aided by counsel, Crumbley reached a joint plea agreement with state and federal prosecutors. Under the agreement, Crumbley was to plead guilty to the state murder charge and to two counts in the district court, engaging in a continuing criminal enterprise and filing a false tax return. The state prosecutor agreed not to seek the death penalty and the federal prosecutor agreed to recommend dismissal of the two counts and a sentence of 25 years, concurrent with the state sentence. The agreement also specified that the properties listed in the indictment would be forfeited.

Subsequently, after pleading guilty to the two federal counts, Crumbley sought to withdraw his guilty plea at the sentencing hearing. He maintained that he had pled guilty out of fear of the death penalty and that the plea agreement forced him to give up some properties which the Government had no right to take. The district court denied the motion, ordered that all properties listed in the indictment be forfeited, and sentenced him to concurrent terms of 20 years and 3 years, to be served concurrently with a life sentence which by that time had been imposed on the state murder charge.

On appeal Crumbley advances two grounds for reversing the district court: first, that the court failed to comply with Fed.R.Crim.P. 11(f) in ordering the forfeiture and, second, that the court abused its discretion in denying his motion to withdraw the plea under Fed.R.Crim.P. 32(d). We affirm.

### Rule 11(f) and Forfeiture

■ Defendant Crumbley argues that Rule 11(f) applies not only to a conviction by plea of guilty but also to a criminal forfeiture by such a plea. He contends that the record of the Rule 11 proceeding must establish a factual basis for the forfeiture. Relying on *United States v. Roberts*, 749 F.2d 404 (7th Cir.1984), *cert. denied*, 470 U.S. 1058, 105 S.Ct. 1770, 84 L.Ed.2d 830 (1985), and *United States v. Reckmeyer*, 786 F.2d 1216 (4th Cir.), *cert. denied*, 479 U.S. 850, 107 S.Ct. 177, 93 L.Ed.2d 113 (1986), he maintains that by merely consenting to the forfeiture in the plea agreement he did not supply the requisite factual basis.

The Government does not question the premise of both *Roberts* and *Reckmeyer* that a defendant's concession in a plea agreement to the forfeiture of his property "does not make it so." *See Roberts*, 749 F.2d at 409; *Reckmeyer*, 786 F.2d at 1222. Rather, the Government contends that the record of the Rule 11 proceeding and the other documents in the district court record show sufficient proof in addition to the plea agreement to establish a factual basis for each property forfeited.

These are questions of first impression in this Circuit. Since the Government apparently concedes as much, we will assume and do not need to decide, that forfeiture based on a plea agreement requires proof of a factual basis for the forfeiture beyond a mere consent to it in the agreement. Defendant, however, does not persuade us, nor does either *Roberts* or *Reckmeyer* hold, that Rule 11(f) requires the same level of proof of the factual basis for a forfeiture as with the factual basis for guilt. On appeal, when we review the sufficiency of the factual basis to show guilt, "we must

do so on the record of the Rule 11 proceeding." *United States v. Dayton,* 604 F.2d 931, 938 (5th Cir.1979), *cert. denied,* 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980). The policy factors supporting the requirement of a factual basis for guilt, however, are far more compelling than those underlying the need of a factual basis for property forfeiture. Society's reason for concern over the possibility that a guilty person might consent to forfeiture of nonforfeitable property is not comparable to its concern over the danger that an innocent person might agree to conviction and punishment.

Since neither the specific language of Rule 11(f), the case law of this or any other circuit, nor important policy considerations require that a factual basis for forfeiture be established on the record of the Rule 11 proceeding, we will not construe Rule 11(f) to limit the district court to considering only proof given at the Rule 11 proceeding. On appeal we will uphold the district court's order of forfeiture if the entire record which was before the court provided a factual basis for forfeiture. This provides sufficient protection against forfeiture of property to which the government has no legitimate claim.

The continuing criminal enterprise charge to which defendant pled guilty alleged that the enterprise commenced in January 1984 and continued until the time of the superseding indictment in November 1987. The indictment listed ten allegedly forfeitable property items. Prior to this indictment, the Government had filed a motion to seize the properties pursuant to 21 U.S.C.A. § 853 because it had determined that the properties, all either purchased with defendant's drug-related income or used in the illegal drug enterprise, were in danger of being sold. The Drug Enforcement Administration agents' affidavits submitted in support of that motion offered ample, uncontradicted proof that the properties were indeed forfeitable under 21 U.S.C.A. § 853. Defendant's only challenge to the Government's claims was that he did not intend to dispose of the properties. We conclude that these documents which were in the record before the district court provided a sufficient factual basis for the court's order of forfeiture.

### *Rule 32(d) and Plea Withdrawal*

Defendant contends that the court abused its discretion in refusing to allow him to withdraw his guilty plea. He maintains that the Government would have suffered no prejudice if the court had granted his Rule 32(d) motion. Further, he argues that the agreement offered to him by state and federal prosecutors coerced him to plead guilty in federal court to avoid the death penalty in state court.

Prior to sentencing, the district court may allow withdrawal of a guilty plea for any fair and just reason. *See* Fed.R.Crim.P. 32(d). Its denial of such a motion, however, will be reversed only when it is an abuse of discretion. *See United States v. Stitzer,* 785 F.2d 1506, 1514 (11th Cir.), *cert. denied,* 479 U.S. 823, 107 S.Ct. 93, 93 L.Ed.2d 44 (1986).

With advice of counsel, defendant obtained a plea agreement which avoided the death penalty in state court, gained the dismissal of two counts in district court, and resulted in a recommendation of 25 years incarceration on the remaining counts when he had originally faced a potential maximum sentence of life imprisonment under 21 U.S.C.A. § 848(a) for engaging in a continuing criminal enterprise. He thus gained substantial benefits beyond avoiding the death penalty in state court. Even if he did plead guilty solely to escape the possibility of execution, that alone would not have rendered his guilty plea involuntary. *See Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747, 760 (1970). He has shown no abuse of discretion in the district court's denial of his motion to withdraw his plea.

AFFIRMED.