**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joseph V. LIBRETTI, Jr.,**
**Defendant–Appellant.**

**No. 93–8000.**

United States Court of Appeals,
Tenth Circuit.

Oct. 19, 1994.

David D. Freudenthal, U.S. Atty., David A. Kubichek, Asst. U.S. Atty., D. Wyo., Casper, WY, for plaintiff-appellee.

Michael G. Katz, Federal Public Defender, Jenine Jensen, Asst. Federal Public Defender, Denver, CO, for defendant-appellant.

Defendant-appellant Joseph V. Libretti, Jr. also filed pro se briefs.

Before LOGAN and BARRETT, Circuit Judges, and RUSSELL,* District Judge.

LOGAN, Circuit Judge.

Defendant Joseph V. Libretti, Jr. appeals from an order of criminal forfeiture. He contends that (1) the district court erred in not making factual findings as to the forfeitability of assets; (2) he was not advised of and did not waive his right to a jury trial on the forfeiture issues; and (3) even if his assets were properly forfeited, the forfeiture order violated the Excessive Fines Clause of the Eighth Amendment. We exercise jurisdiction under 18 U.S.C. § 3742(a) and affirm the order of forfeiture.[1]

A grand jury returned a superseding indictment against defendant containing eleven counts of various drug, firearms, and money laundering violations, including continuing criminal enterprise (CCE), 21 U.S.C. § 848. After one week of trial, defendant entered into a plea agreement. Pursuant to that agreement, he pleaded guilty to the CCE count and to forfeiture of "all known assets as prescribed in 21 U.S.C. § 853 and assets which are discovered at any later time up to $1,500,000." I R. tab 210 at 2. The plea agreement further provided that defendant would forfeit

> his right, title, and interest in all of his assets ... including, but not limited to: all real estate; all personal property, including guns, the computer, and every other

---

* Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

item now in the possession of the United States; all bank accounts, investments, retirement accounts, cash, cashier's checks, travelers checks and funds of any kind. *Id.* at 3. In exchange for defendant's plea agreement the government agreed to recommend the minimum sentence applicable to a CCE conviction, twenty years imprisonment, and not to pursue other criminal charges against him.

At the change of plea hearing, the district court questioned defendant regarding the voluntariness of his guilty plea. The district court also advised defendant about the forfeiture:

> And then under the topic Forfeiture, it alleges that upon conviction of the defendant for engaging in a continuing criminal enterprise, the United States is entitled to forfeiture of all property of any kind constituting or derived from proceeds [defendant] obtained directly and indirectly by engaging in said continuing criminal enterprise; all property of any kind which was used or intended for use in any manner or part to commit or to facilitate the commission of this criminal—continuing criminal enterprise, including but not limited to the following, and then there is listed real property, your lot in Star Valley, conveyances of two vehicles, cash proceeds over a hundred thousand dollars and then another $12,000 and a five—5,100 and 7,600 amount in currency and jewelry and property consisting of a mobile home and a computer system, bank accounts that are listed in the Indictment, investments that are listed in the Indictment, the additional cashier's checks and the contents of safe deposit boxes, and that's it.

II R. 18–19. The district court further stated that the forfeiture applied to all property owned by defendant "by reason of any drug transaction." *Id.* at 21. Defendant admitted that he understood the indictment and plea agreement including the provisions concerning forfeiture. *Id.* at 19–21. The district court approved the plea agreement after determining the guilty plea was voluntary and factual.

The district court later sentenced defendant to twenty years imprisonment, five years supervised release, a $5,000 fine, a $50 special assessment, and 500 hours of community service.[2] The district court also granted forfeiture pursuant to the plea agreement. At the conclusion of the sentencing hearing, defendant objected to the failure of the district court to find a factual basis for the whole forfeiture. XIII R. 25 (record in appeal No. 93–8001). The district court noted the objection, but determined that there was sufficient evidence to warrant granting forfeiture. On December 23, 1992, the district court entered an order of forfeiture pursuant to 21 U.S.C. § 853. The order stated that defendant "agreed to forfeit all property," I R. tab 259 at 1, and then specifically listed property to be forfeited. Defendant appealed from the order of forfeiture.

Subsequently, the district court held a hearing on defendant's motions for stay and to amend the forfeiture order and on third party claims to the forfeited property, all made on or after January 19, 1993. On February 12, 1993, the district court determined that ownership of certain items of forfeited property was in dispute and that because it was willing to consider defendant's motion to amend, the December 23, 1992 order was not final. The district court stated that defendant's appeal was premature and then scheduled a hearing to consider ownership of the disputed property.

After the hearing the district court amended the forfeiture order to delete certain property owned by third parties. The district court also ordered the magistrate judge to conduct fact finding hearings to address additional third party interests in certain property listed in the forfeiture order to consider whether it was in fact forfeitable. The government filed motions for reconsideration and to stay proceedings before the magistrate judge pending appeal. V R. tabs 353, 374 (record in appeal No. 93–8001). The district court granted the motion for stay.

I

We first consider whether the district court's actions after the notice of appeal

---

2. Defendant appeals the imposition of the fine and the requirement of community service in appeal No. 93–8001, also decided and affirmed today.

was filed deprives us of jurisdiction.[3] We have jurisdiction to consider a final decision of the district court. 28 U.S.C. § 1291. A sentencing decision is a final decision, *see Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 1497–98, 103 L.Ed.2d 879 (1989); *United States v. Snell*, 922 F.2d 588, 590 (10th Cir.1990), and, as defendant concedes, a forfeiture is part of the criminal sentence. *United States v. Elgersma*, 971 F.2d 690, 694 (11th Cir.1992) (21 U.S.C. § 853(a) makes clear that forfeiture is part of punishment); *United States v. Hernandez–Escarsega*, 886 F.2d 1560, 1577 (9th Cir.1989) (same), *cert. denied*, 497 U.S. 1003, 110 S.Ct. 3237, 111 L.Ed.2d 748 (1990); *United States v. Sandini*, 816 F.2d 869, 875 (3d Cir.1987) (same); *see United States v. Songer*, 842 F.2d 240, 241 (10th Cir.1988) (forfeiture treated as part of sentence).[4]

■■■ Although the district court has jurisdiction to consider third party claims to property, *see* 21 U.S.C. § 853(n) (providing means for third parties to obtain their property which has been forfeited), after a notice of appeal is filed, the district court lacks jurisdiction to consider a defendant's claims. *See Berman v. United States*, 302 U.S. 211, 214, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937). Thus, any subsequent actions by the district court do not defeat our jurisdiction.

## II

Defendant argues that the district court erred in ordering forfeiture of the nonforfeitable property in light of his objection at the sentencing and the court's own post-judgment rulings. He alleges that factual findings must be made establishing that the assets to be forfeited are part of a continuing series of offenses. Defendant maintains that the trial testimony and change of plea and sentencing hearings show that there was not a sufficient nexus to support a forfeiture of accounts containing legitimate earnings such as his employee savings plan, IRA accounts, and bank accounts containing his paychecks.

Federal Rule of Criminal Procedure 11(f) provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea."[5] The government contends that Rule 11(f) applies only to the guilty plea and imposes no duty on the district court to ensure a sufficient factual basis exists to support the stipulated forfeiture in the plea agreement. Whether Rule 11(f) applies to a stipulated forfeiture in a plea agreement is an issue of first impression in this circuit. Four circuits have con-

---

3. The government has also filed a motion to dismiss this appeal as moot. The government contends that because defendant pleaded guilty to CCE and consented to forfeit his assets he lacks a legally cognizable interest in the outcome of the appeal. "In general a case becomes moot ' "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." ' " *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S.Ct. 1202, 1208–09, 63 L.Ed.2d 479 (1980), quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1950–51, 23 L.Ed.2d 491 (1969)). Because defendant has appealed the order of forfeiture, as is discussed hereafter, the issues in this case are still "live," and defendant has an interest in the outcome of this appeal. *Cf. United States v. Fischer*, 833 F.2d 647, 648 (7th Cir.1987) (prosecutor's appeal from district court's order granting defendant reimbursement of funds was moot once forfeiture of funds was established under plea agreement and plea agreement and order of forfeiture were not contested). Accordingly, the appeal is not moot.

4. If, however, a defendant timely moves to correct sentence pursuant to Fed.R.Crim.P. 35(c), that motion renders an otherwise final order nonfinal until the district court disposes of the motion. *United States v. Corey*, 999 F.2d 493, 494–96 & 496 n. 3 (10th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 574, 126 L.Ed.2d 473 (1993). Rule 35(c) permits the district court to correct a sentence imposed as a result of technical, arithmetic, or other clear error within seven days of the imposition of sentence. Here, defendant's request to amend the order of forfeiture was not made within the permissible time period and is therefore not a timely Rule 35(c) motion, *see Corey*, 999 F.2d at 494–96, and the requested modification of the forfeiture order was beyond the scope of Rule 35(c) relief.

5. Defendant also contends that Fed.R.Crim.P. 32(c)(3)(D) requires factual findings when a defendant alleges an inaccuracy in the presentence report. Because the district court did not rely on any alleged inaccuracies in the presentence report when it entered its order of forfeiture, after defendant stipulated to forfeiture within his guilty plea, we focus our analysis on Rule 11(f).

sidered this issue and have reached divergent conclusions.

■ In *United States v. Roberts*, 749 F.2d 404, 409 (7th Cir.1984) (a RICO case), *cert. denied*, 470 U.S. 1058, 105 S.Ct. 1770, 84 L.Ed.2d 830 (1985),[6] the Seventh Circuit held that Rule 11(f) applies to forfeitures included as part of a plea agreement just as it applies to the guilty plea. "The mere fact that the defendant has agreed that an item is forfeitable, in a plea agreement, does not make it so; the trial court must ascertain whether it [is forfeitable]." *Id.* "A defendant's waiver of his right to trial cannot be said to have a factual basis, where a forfeiture of property is involved, unless the property is in fact subject to forfeiture." *Id.* at 410.

In *United States v. Reckmeyer*, 786 F.2d 1216 (4th Cir.), *cert. denied*, 479 U.S. 850, 107 S.Ct. 177, 93 L.Ed.2d 113 (1986), the Fourth Circuit agreed with the reasoning in *Roberts* that a defendant's mere agreement to forfeit an item in the plea agreement does not make the item forfeitable. The court held that Rule 11(f) "requires the district court to inquire beyond the agreement to determine if there is a factual basis for the forfeiture of the assets." *Id.* at 1222. That court determined, however, that the record of the Rule 11 proceeding established a sufficient factual basis for the forfeiture.

The Fifth Circuit took a more lenient approach in *United States v. Bachynsky*, 949 F.2d 722, 730 (5th Cir.1991), *cert. denied*, — U.S. ——, 113 S.Ct. 150, 121 L.Ed.2d 101 (1992), when it held "that the requirement of Rule 11(f) that the factual basis for a plea be established at the plea hearing does not apply to an order of forfeiture." It determined the district court's order of forfeiture would be upheld if the record provided a factual basis for forfeiture. *Id.* (citing *United States v. Crumbley*, 872 F.2d 975, 977 (11th Cir. 1989)). Although the court acknowledged

the statement in *Reckmeyer* that a defendant's mere acquiescence in a plea agreement that an item is forfeitable does not make it so, it further recognized that the defendant's affirmative answers to questions at the plea hearing creates a substantial burden to overcome. Because the defendant in *Bachynsky* had never objected at sentencing to the forfeiture provisions of the plea agreement, nor provided evidence challenging whether the property was acquired or maintained by racketeering, the Fifth Circuit concluded that the defendant had not established an inadequate factual basis for the forfeiture.

The Eleventh Circuit rejected the analysis of *Reckmeyer* and *Roberts*. *United States v. Boatner*, 966 F.2d 1575, 1581 (11th Cir. 1992),[7] held "that a sentencing judge is not required under Rule 11 to determine whether there is a factual basis for a defendant's concession to a criminal forfeiture pursuant to his plea bargain with the government." The court reasoned that because the forfeiture provision is "not a plea to a substantive charge, but a sanction to which the parties agree as a result of the defendant's plea," Rule 11(f) only applies to the guilty plea. *Id.* Because the defendant in *Boatner* agreed to forfeit property as a result of a bargained for exchange between the parties, the court affirmed the order of forfeiture.

■ We agree with the holding and reasoning in *Boatner*. The parties both acknowledge that criminal forfeiture under § 853 is a part of the sentence, not a part of the substantive offense. The courts in *Roberts*, *Reckmeyer*, and *Bachynsky* fail to note this distinction. We question whether the Seventh Circuit would continue to apply the holding in *Roberts* in light of its more recent determinations that forfeiture is not an element of the offense but rather is punishment for an offense when a conviction has been

---

6. Cases applying the RICO forfeiture statute, 18 U.S.C. § 1963, may be used to construe § 853 due to the similarity of the two statutes. *United States v. Bissell*, 866 F.2d 1343, 1348 n. 3 (11th Cir.), *cert. denied*, 493 U.S. 849, 876, 110 S.Ct. 146, 213, 107 L.Ed.2d 104, 166 (1989).

7. The Eleventh Circuit previously had this forfeiture issue before it in *Crumbley*, 872 F.2d 975.

In that case the court assumed, without deciding, that Rule 11(f) applied to the forfeiture portion of the plea agreement and determined that the rule is satisfied if the entire record provides a factual basis for the forfeiture. *Id.* at 976. *Boatner*, however, essentially overrules *Crumbley*. See *United States v. Herndon*, 982 F.2d 1411, 1417 (10th Cir.1992).

entered. *See United States v. Simone*, 931 F.2d 1186, 1199 (7th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 584, 116 L.Ed.2d 609 (1991); *United States v. Herrero*, 893 F.2d 1512, 1541 (7th Cir.), *cert. denied*, 496 U.S. 927, 110 S.Ct. 2623, 110 L.Ed.2d 644 (1990).

■ In addition, it is settled law that a lawful plea agreement is enforceable. *United States v. Khan*, 835 F.2d 749, 752 (10th Cir.1987), *cert. denied*, 487 U.S. 1222, 108 S.Ct. 2881, 101 L.Ed.2d 915 (1988). The government and a defendant and his attorney may arrive at a bargain "that a specific sentence is the appropriate disposition of the case." Fed.R.Crim.P. 11(e)(1)(C); *see United States v. Benchimol*, 471 U.S. 453, 455, 105 S.Ct. 2103, 2104–05, 85 L.Ed.2d 462 (1985). As long as the plea agreement is lawful, a defendant should be bound by its terms. *United States v. Alexander*, 869 F.2d 91, 94 (2d Cir.1989).

Defendant argues that the plea agreement and, therefore, his guilty plea, were not lawful and should not be enforced because he agreed to forfeit only the assets listed in the indictment or only property directly associated with the drug transactions. He contends that the plea agreement is ambiguous and vague and he would not have knowingly and voluntarily agreed to forfeit all of his property.

■ The voluntariness of a guilty plea is a question of federal law subject to de novo review. *United States v. Rhodes*, 913 F.2d 839, 843 (10th Cir.1990), *cert. denied*, 498 U.S. 1122, 111 S.Ct. 1079, 112 L.Ed.2d 1184 (1991). A guilty plea must be knowing and voluntary. *Santobello v. New York*, 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971); *United States v. Elias*, 937 F.2d 1514, 1517 (10th Cir.1991). A defendant's decision to plead guilty must be deliberate and intelligent and chosen from available alternatives. *Rhodes*, 913 F.2d at 843. "[T]o determine whether a plea is voluntary, a court must assess whether the defendant fully understood the consequences of the plea." *United States v. Williams*, 919 F.2d 1451, 1456 (10th Cir.1990), *cert. denied*, 499 U.S. 968, 111 S.Ct. 1604, 113 L.Ed.2d 667 (1991). The defendant's attorney "and the court have a duty to apprise the defendant of the conse-

quences of the plea and ensure that it is voluntary." *Id.* Federal Rule of Criminal Procedure 11(c)(1) requires that a district court must, among other things, ensure the defendant understands the nature of the charge and the mandatory minimum and maximum penalties. *Elias*, 937 F.2d at 1517.

■ In this case, the district court thoroughly assessed whether defendant understood the consequences of the guilty plea. The court informed him that all property described in the CCE count of the indictment could be forfeited. II R. 7. Defendant only questioned the extent to which the $1,500,000 limit on forfeiture applied to future legitimate earnings. His attorney and the district court agreed that the $1,500,000 limit applied only to products of drug transactions and not to legitimate future earnings. *Id.* at 3–9. Thereafter, defendant stated that he had signed, read, and understood the plea agreement, and that he had no questions about it. *Id.* at 19–20. He further stated that he understood the consequences of his plea, including that all of his property owned by reason of any drug transaction could be forfeited. *Id.* at 21. Defendant conceded that he was pleading guilty because of the trial testimony received thus far. *Id.* at 22.

Nothing in the record indicates defendant's plea would have been different if he had been questioned further about forfeitability of his assets. He intended to forfeit all of his property without requiring the government to prove the assets were forfeitable. The plea agreement requires forfeiture pursuant to § 853, which includes forfeitable assets under § 853(a) and substitute assets under § 853(p). *See also* 21 U.S.C. § 853(o) (§ 853 is to be liberally construed).

Further, defendant received a favorable plea agreement. In exchange for forfeiting all of his property, the government recommended the minimum sentence of twenty years imprisonment and agreed to drop all other counts in the indictment. One of those counts charged him with use of firearms with silencers in drug trafficking which mandates, upon conviction, a thirty-year sentence consecutive to the sentence on the underlying drug offense. Defendant entered into the

plea agreement after the government presented overwhelming evidence of his guilt. He now seeks the benefit of that bargain, but only to the extent it favors him. We will not require the government to undergo a fact-finding hearing and forego a substantial benefit of its bargain.

■ We hold that defendant is bound by the terms of the plea agreement, *see Alexander,* 869 F.2d at 94, in which he unambiguously forfeited all of his property. The district court's extraneous statements that defendant was only forfeiting assets listed in the CCE count of the indictment or from his drug trade do not establish that defendant did not knowingly and voluntarily forfeit all of his property. Rather, defendant agreed to forfeit all of his assets, including some that on their face had no connection with his drug dealings—*e.g.,* "all bank accounts, investments, retirement accounts," I R. tab 210 at 3. Nothing in the agreement limits the forfeiture to those assets with an established factual basis for forfeiture. Defendant is also not limited to forfeiting only those assets directly related to the CCE conviction. Accordingly, the district court properly ordered on December 23, 1992, the forfeiture of all of defendant's assets[8] based on defendant's written agreement and knowing and voluntary ratification of that agreement at the change of plea hearing.

### III

Defendant argues that he was not advised of and did not waive his right to a jury trial on forfeiture issues. Specifically, defendant contends he did not sign a written waiver of his right to a jury trial and there was no colloquy with the court during the plea or sentencing hearing regarding his right to or waiver of a trial on forfeitability of assets.

■ "The Sixth Amendment never has been thought to guarantee a right to a jury determination [on punishment]." *Spaziano v. Florida,* 468 U.S. 447, 459, 104 S.Ct. 3154, 3161, 82 L.Ed.2d 340 (1984) (right to jury trial does not include right to jury determination whether to impose capital sentence). This suggests that defendant does not have a *constitutional* right to a jury trial at the forfeiture stage of these proceedings; the circuits, however, would apparently split on the issue of a constitutional right to a jury trial on forfeiture. *Compare United States v. Robinson,* 8 F.3d 418, 420 (7th Cir.1993) (noting in dicta that a defendant does not have a constitutional right to a jury determination on forfeiture issues, but acknowledging the right to such a determination under Fed.R.Crim.P. 31(e)) *with United States v. Garrett,* 727 F.2d 1003, 1012 & n. 6 (11th Cir.1984) (holding that a defendant has a constitutional right to a jury trial in a 21 U.S.C. § 848 proceeding to determine if an asset is forfeitable, after a jury trial as to guilt), *affirmed on other grounds,* 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). We need not decide that issue because constitutional rights can be waived, and because a defendant does have a *statutory* right, pursuant to Fed.R.Crim.P. 31(e),[9] to have a jury determine which of his assets may be forfeited. *Robinson,* 8 F.3d at 420. Thus, we must determine whether defendant waived his right to a jury trial. "[A] defendant's waiver of his statutory right to have a jury determine which portion of his property is subject to forfeiture is only valid if knowingly and voluntarily made." *Id.* at 421. A defendant has the burden of proving that he did not exercise a valid waiver of his right. *Id.* at 422.

■ A valid waiver of the right to a jury trial depends on unique facts of each case. *See id.* At the plea hearing, the district court advised defendant that he could

---

8. Of course, defendant could only agree to forfeit assets over which he had a power of disposition. Thus, if he had an interest in a profit sharing or pension plan established by his corporate employer that was inalienable by law, or if he was beneficiary of a valid spendthrift trust created by another person, these interests would be excluded from forfeiture in the same manner as assets in defendant's possession owned by a third party.

9. Rule 31(e) provides that "[i]f the indictment ... alleges that an interest or property is subject to criminal forfeiture, a special verdict shall be returned as to the extent of the interest or property subject to forfeiture, if any."

continue with the jury trial that had already started. The district court told defendant that if he pleaded guilty pursuant to the plea agreement, he would give up his right to a jury trial and would be sentenced. Defendant stated that he understood his rights and chose to plead guilty. *Cf. United States v. Jenkins,* 904 F.2d 549, 558–59 (10th Cir.) (at trial, defendant and his counsel have responsibility to make trial court aware of desire to testify regarding forfeiture; if no request is made, court and government can assume that evidence of guilt and forfeiture may be heard together), *cert. denied,* 498 U.S. 962, 111 S.Ct. 395, 112 L.Ed.2d 404 (1990). The district court did not specifically indicate that defendant's guilty plea negated a jury trial on any forfeiture issues. But there is no evidence at that hearing that defendant wanted a jury trial on the forfeiture issue, or thought he was going to have one. The plea agreement itself waived the right to a jury trial without specific mention of forfeiture. There is no evidence in the record that the government would have agreed to a plea agreement that settled only guilt and required a jury trial on the assets to be forfeited. We hold that specific reference to a jury trial on forfeiture issues was not necessary in light of the unambiguous plea agreement and defendant's knowing and voluntary plea. Under these circumstances we conclude defendant waived his right to a jury trial.

### IV

■ Defendant finally argues that even if all of his assets were correctly forfeited the forfeiture order violates the Excessive Fines Clause of the Eighth Amendment. The Supreme Court has determined that forfeiture may be analyzed under the Excessive Fines Clause. *Alexander v. United States,* —— U.S. ——, ——, 113 S.Ct. 2766, 2776, 125 L.Ed.2d 441 (1993) (criminal forfeiture under 18 U.S.C. § 1963(a)); *see also United States v. Bieri,* 21 F.3d 819, 823 n. 2 (8th Cir.1994) (excessive fines analysis applies to criminal forfeiture under § 853(a)). The Court, however, has not established a test to determine when a forfeiture is excessive. *Alexander,* —— U.S. at ——, 113 S.Ct. at 2776; *Austin v. United States,* —— U.S. ——, ——, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993). Rather, courts must consider all factors when evalu-

ating whether a forfeiture is unconstitutionally excessive. *Bieri,* 21 F.3d at 824 (citing *Alexander,* —— U.S. at ——, 113 S.Ct. at 2776).

■ We need not decide when a forfeiture might violate the Excessive Fines Clause, because the forfeiture in this case was not excessive. *See United States v. Certain Real Property & Premises Known as 38 Whalers Cove Drive, Babylon, NY,* 954 F.2d 29, 39 (2d Cir.) (civil forfeiture), *cert. denied,* —— U.S. ——, 113 S.Ct. 55, 121 L.Ed.2d 24 (1992). A fine of up to $2,000,000 and forfeiture are permitted for a CCE offense. 21 U.S.C. § 848(a); U.S.S.G. § 5E1.2(c)(3), (4). Defendant was fined only $5,000. The plea agreement stated that property up to $1,500,000 could be forfeited; yet the actual value of the property forfeited was only $410,000. The forfeiture order did not violate the Excessive Fines Clause of the Eighth Amendment.

### V

Defendant raises several other arguments in his pro se briefs, mostly related to the issues determined above. These arguments are not sufficiently meritorious to warrant their being specifically addressed.

The order of forfeiture is AFFIRMED. The government's motion to dismiss is DENIED. Defendant's motion for limited remand is DENIED as moot.