**UNITED STATES COURT OF APPEALS**
**Filed 6/7/96**
**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,      )
)
    Plaintiff-Appellee,      )
)
v.                          )          No. 95-6047
)    (D.C. No. CR-93-129-T)
DAVID D. BRUNSON,          )      (W.D. Oklahoma)
)
    Defendant-Appellant.    )

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON, BARRETT** and **LOGAN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant David D. Brunson seeks to appeal from a final forfeiture order determining third party interests in property forfeited in his underlying criminal case. Because we determine that defendant appealed out of time and has no standing to raise the issues he argues, we have no appellate jurisdiction. Thus, we do not reach the ownership issues defendant asserts.

A jury found defendant guilty of multiple counts of fraud, in violation of 18 U.S.C. § 1343, and money laundering, in violation of 18 U.S.C. §§ 1956 and 1957. The jury also returned a special verdict pursuant to 18 U.S.C. § 982(a)(1), finding that defendant's interest in property listed in the superseding indictment was subject to forfeiture in the amount of $734,701.95. The district court imposed sentence on February 11, 1994, and entered a Preliminary Order of Forfeiture on February 16, 1994. Defendant filed a notice of appeal on February 18, 1994. His appeal raised only challenges to his competency to stand trial, the district court's application of the Sentencing Guidelines, and the restitution order; it did not raise any questions concerning the forfeiture order. The conviction was affirmed, see United States v. Brunson, 54 F.3d 673 (10th Cir.), cert. denied, 116 S. Ct. 397 (1995), although we reversed certain of the district judge's sentencing determinations and remanded for resentencing.

Thereafter, because the items listed in the superseding indictment were not sufficient to satisfy the $734,701.95 forfeiture order, the government moved to substitute numerous items of real and personal property to satisfy that judgment--including the three

properties challenged in the instant appeal. Defendant did not oppose that motion or otherwise respond before the court entered an order forfeiting defendant's entire interest in the substituted property. Defendant did not appeal that order, which was entered on May 4, 1994.

Following entry of this forfeiture order the United States published notice of the order and its intent to dispose of the property. As allowed by 21 U.S.C. § 853(n), eight individuals, including defendant's former spouse Cherrill Brunson, filed petitions asserting ownership interests in various items of the forfeited property. Cherrill Brunson's petitions, inter alia, asserted an interest in two pieces of real estate and a Model A Ford automobile. The district court held a consolidated hearing on all third party petitions and entered an order and final forfeiture judgment on January 13, 1995, disposing of all third party claims. It found that Cherrill Brunson had no interest in the Model A Ford and in one real estate tract, but that she had a joint tenancy ownership interest with defendant in the other real estate.

Defendant filed a notice of appeal of this order on January 23, 1995. His appellate brief asserts that these two pieces of real estate and the Model A were owned entirely by his ex-wife, and that he had no interest whatever in them.

We first note that defendant's interest in these assets was determined, and extinguished, in the court's order of May 4, 1994. Any arguments he might have with respect to his own ownership interest in that property, we believe, had to be asserted by a timely

3

notice of appeal after that May 4 forfeiture order, even though the order contemplated possible adjudication of third party claims to some of the property. See United States v. Libretti, 38 F.3d 523 (10th Cir. 1994), aff'd, 116 S. Ct. 356 (1995) (allowing direct appeal by a defendant of a forfeiture order entered under 21 U.S.C. § 853). It does not matter that this order was designated a "preliminary forfeiture order"; the effect of that hearing was to terminate entirely defendant's interest, whatever it might be, in the listed property.

"Although the district court has jurisdiction to consider third party claims to property, after a notice of appeal [from the forfeiture order] is filed, a district court lacks jurisdiction to consider a defendant's claims [to the forfeited property]. Libretti, 38 F.3d at 527 (entertaining defendant's appeal of criminal forfeiture issues while district court was addressing third party claims) (citations omitted). The publication and written notice provisions of 21 U.S.C. § 853 are entirely aimed at permitting third parties "other than defendant," id. § 843(n)(2), to assert claims to the forfeited property before the government disposes of it. There is nothing in § 843 to lead a defendant to conclude he may with impunity delay an appeal from the forfeiture order until adjudication of third party petitions. Indeed, because the publication and written notice provisions are aimed at third party claimants, in the typical case defendant may not even know whether third parties have asserted an interest in the forfeited property or when their claims to the assets have

been adjudicated.  Thus, defendant's appeal, filed more than eight months after the order forfeiting defendant's interest in the properties, was untimely.

Even if we were to treat the forfeiture proceeding as not final until the third party claims were disposed of in January 1995, we have no jurisdiction because defendant lacks standing.  He cannot assert his ex-wife's interest in the property; he no longer claims a personal stake in that property.[1]  See Mount Evans Co. v. Madigan, 14 F.3d 1444, 1450-51 (10th Cir. 1994) (Article III standing requires showing of personal injury suffered from the challenged action that is likely redressable by a favorable decision).

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge

---

[1]  Defendant filed in this court a "Motion for Review by Three Judge Panel to File Supplemental Brief" in which he states that his attorney refuses to have contact with him. He asks that his pro se supplemental brief be accepted as a part of the present appeal or that his court-appointed attorney be removed.  Although a motions panel of this court twice denied his attempts, we grant defendant's motion and accept his brief.  See Stifel, Nicolaus & Co. v. Woolsey & Co., Inc., 81 F.3d 1540, 1543-44 (10th Cir. 1996) (merits panel not constrained by law of case doctrine from discretionary revisiting of decision by motions panel).  Defendant's Supplemental Brief makes no arguments relevant to the jurisdictional issue or to the forfeiture.  It raises various challenges to the validity of his conviction.  These arguments add nothing to establish defendant's standing in the instant appeal.  They are subsumed in the appeal on the merits of his conviction previously affirmed by this court.