**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOSEPH V. LIBRETTI, JR.,

      Defendant-Appellant.

No. 99-8047
(D.C. No. 92-CR-0006)
(D. Wyo.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **HENRY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant, proceeding pro se, appeals from the district court's order denying his motion for the return of forfeited currency in the amount of $33,160. We exercise jurisdiction under 28 U.S.C. § 1291, and remand for further proceedings consistent with this order and judgment.

## BACKGROUND

In January 1992, Libretti was charged with multiple gun and drug violations under 21 U.S.C. § 848. While he was in pre-trial detention, the government seized $33,160 in currency from his safe deposit box and from a residence. In a superseding indictment filed in May 1992, the money was listed, along with numerous other items, as property subject to criminal forfeiture. The Drug Enforcement Agency (DEA), however, initiated administrative forfeiture proceedings against the money. [1] It sent seizure notices to Libretti at various addresses and published notice in a national newspaper. It did not, however, send notice to Libretti at the facility where he was in federal custody. The currency was declared administratively forfeited before defendant's criminal trial began.

---

[1]     Administrative forfeiture of property valued at $500,000 or less, furnished or obtained in exchange for a controlled substance, is authorized by statute. The government is required to send written notice of forfeiture proceedings to each party who may have an interest in the seized property and to publish notice of its intent to seize the property in a newspaper of general circulation once a week for three consecutive weeks. A potential claimant then has twenty days in which to file a claim and to post a bond.    See 19 U.S.C. §§ 1608, 1607(a); 21 U.S.C. § 881(a)(6).

After a week of trial, Libretti entered into a plea agreement which provided that he would forfeit "'his right, title, and interest in all of his assets . . . including, but not limited to:  all real estate; all personal property, . . . and every other item now in the possession of the United States; all bank accounts, investments, retirement accounts, cash, cashier's checks, travelers checks and funds of any kind.'"   Libretti v. United States  , 516 U.S. 29, 33-34 (1995) (quoting plea agreement).  The agreement also "described the maximum statutory penalty for the offense to which Libretti agreed to plead guilty, which included 'forfeiture of all known assets as prescribed in 21 U.S.C. § 853 and assets which are discovered at any later time up to $1,500,000.'"      Id. at 34 (quoting plea agreement).

On December 23, 1992, as part of Libretti's sentence, the district court entered an order of forfeiture pursuant to 21 U.S.C. § 853.  This court and the Supreme Court affirmed.    See United States v. Libretti  , 38 F.3d 523 (10th Cir. 1994), aff'd, 516 U.S. 29 (1995).  A final order of forfeiture was entered in the criminal case in May 1997.  The order did not include the $33,160 in currency which is the subject of this appeal because it had "already been declared forfeited in the DEA administrative proceeding."      R., vol. 1, tab 575, at 2.

Later, Libretti filed a series of motions seeking recovery of various items of property.  Among them were motions under Fed. R. Civ. P. 41(e) for return of the

$33,140 in currency, on the grounds that the DEA's failure to provide him with notice of seizure denied him his due process right to challenge the administrative forfeitures. [2] The government did not respond to these motions. "[T]he district court denied [them] without explanation, other than to state that the currency had been administratively forfeited." United States v. Libretti, Nos. 97-8039, 97-8044, 97-8089, 1998 WL 644265, at **6 (10th Cir. Sept. 9, 1998).

Libretti appealed the district court's order to this court. The government again failed to brief issues relating to the currency. We affirmed the denial of Libretti's claims to most of the forfeited property, determining that he had consented to the forfeitures in his plea agreement. As to the currency, we remanded the claim for further consideration because we had no factual information to review and no legal analysis from either the government or the district court. Id.

On remand, the government did not attempt to show that its notice procedure was designed to reach Libretti at his place of incarceration. It claimed only that notice was published and sent to "three separate addresses." R., vol. 1, tab 575, at 2. The government focused its argument on the theory that "[a]ny alleged defect in the notices provided by the DEA were [sic] cured when the

---

[2]     Where criminal proceedings have concluded, courts treat a Rule 41(e) motion as a civil complaint for equitable relief from the forfeiture.    See, e.g., United States v. Rodgers, 108 F.3d 1247, 1250 & n.4 (10th Cir.1997).

Defendant agreed to forfeiture of the $33,160 in his plea agreement." Id.; see also id. at 3 (stating that the issue of notice was "rendered moot by his guilty plea and agreement to forfeiture . . . .").

Although it is undisputed that the DEA did not mail notice to the prison facility where Libretti was awaiting trial, the district court determined that the means employed "were reasonably calculated to give Defendant actual notice of the forfeiture." R., vol. 1, tab 576, at 2. The court also determined that, in any event, the plea agreement "cured" any defects in notice. Id. at 1-2.

## DISCUSSION

Generally, we review a district court's denial of a motion for return of forfeited property for an abuse of discretion. See United States v. Deninno, 103 F.3d 82, 84 (10th Cir. 1996). However, we review a factual question of whether an agency employed means that were reasonably calculated to provide a potential claimant with actual notice of administrative forfeiture proceedings for clear error. See United States v. Clark, 84 F.3d 378, 381 (10th Cir. 1996). A de novo standard applies to the ultimate conclusion of whether a claimant's due process rights have been violated. See United States v. One Parcel of Real Property Described as Lot 41, Berryhill Farm Estates, 128 F.3d 1386, 1391 (10th Cir. 1997). We construe the pleadings and papers of a pro se appellant liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

-5-

"[T]he government is required to give notice to all persons who have or claim an interest in real property being administratively forfeited." Clark, 84 F.3d at 380. Due process considerations compel "'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). We have explained that if "the government can reasonably ascertain the name and address of an interested party, due process requires the government to send '[n]otice by mail or other means as certain to ensure actual notice.'" Id. (quoting Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 800 (1983) (alteration in original). "When the government is aware that an interested party is incarcerated, due process requires the government to make an attempt to serve him with notice in prison." Id. at 381.

Here, the district court's finding concerning the sufficiency of notice is clearly erroneous. It is evident that the DEA should have sent Libretti notice of forfeiture proceedings to the facility where he was incarcerated, as required by Clark. In the Tenth Circuit, the consequence of constitutionally ineffective notice is that an administrative forfeiture is "void and must be vacated." Clymore v. United States, 164 F.3d 569, 573 (10th Cir. 1999) (citing cases).

-6-

The government seeks to avoid this result by asserting that Libretti's subsequent plea bargain served to cure the defect in notice. [3] A void action, however, is "incapable of later cure or validation." Easley v. Pettibone Michigan Corp., 990 F.2d 905, 910 (6th Cir. 1993). Therefore, the plea agreement cannot remedy the defective notice or validate the order of forfeiture. To obtain entitlement to the currency, the government must conduct a valid forfeiture proceeding.

The limitations provision for forfeiture proceedings requires the commencement of proceedings "within five years after the time the alleged offense was discovered." 19 U.S.C. § 1621. "Where obvious statute of limitations problems exist, . . . the offending forfeiture should be vacated and the statute of limitations allowed to operate, subject, of course, to any available government arguments against it." Clymore, 164 F.3d at 574. In this instance, Libretti's crimes were discovered in early 1992. "[A]bsent the application of

---

[3] We note with disapproval that, throughout these proceedings, the government has failed to provide adequate briefing. In addition to repeating its "cure" theory, the government makes the misplaced argument in this court that an inquiry into the adequacy of notice in the administrative forfeiture proceeding is prohibited by the final order in the criminal case. We remind the government that this is precisely the issue that we remanded to the district court, after determining that the property at issue was not included in the order of criminal forfeiture. See Libretti, 1998 WL 644265, at **6.

laches or equitable tolling principles," <u>United States v. Marolf</u>, 173 F.3d 1213, 1217-18 (9th Cir. 1999), the limitations period has expired.

Our prior case law dictates the resolution of this case. We vacate the void forfeitures and remand the matter to the district court for a determination of whether the government has a valid argument against the operation of the statute of limitations. In view of the complex legal issues involved, and the pattern of inadequate briefing established by the government, we suggest that the district court consider appointing counsel to represent Libretti.

The judgment of the United States District Court for the District of Wyoming is REVERSED and REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court


Bobby R. Baldock
Circuit Judge

-8-