**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 6 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHANNON L'RAY WALKER,

    Defendant - Appellant.

No. 00-6388
(D.C. No. 00-CR-25-9-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY** and **MCWILLIAMS**, Circuit Judges and **STAGG**[**], District Judge.[***]

Defendant-Appellant Shannon L'Ray Walker pleaded guilty to conspiracy to possess with intent to distribute cocaine base (crack), cocaine powder, and PCP in violation of 21 U.S.C. §§ 846 and 841, and was sentenced to 240 months of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Tom Stagg, Senior District Judge, United States District Court for the Western District of Louisiana, sitting by designation.

[***] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

imprisonment and three years of supervised release. Doc. 599. Pursuant to the plea agreement signed June 28, 2000, Mr. Walker forfeited all rights he had in any assets subject to forfeiture pursuant to 21 U.S.C. § 853, and waived his right to appeal or collaterally challenge the sentence imposed except under limited circumstances.[1] Doc. 426. In exchange for the plea, the Government agreed to

---

[1] The plea agreement states in relevant part:

> [Mr. Walker] in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to appeal or collaterally challenge:
>
> > a. Defendant's guilty plea and any other aspects of his conviction including but not limited to any ruling on pretrial suppression motions or any other pretrial dispositions of motions and issues.
> > b. Defendant's sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the applicable guideline range determined by the Court to apply to this case, even if the Court rejects one or more of the positions of the United States or the defendant set forth in paragraph 7 concerning the application of the U.S. Sentencing Guidelines; provided that (i) defendant specifically does not waive the right to appeal an upward departure from the sentencing guideline range determined by the Court to apply to this case, and (ii) his waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on cases decided after the date of this agreement which are held by the Tenth Circuit or Supreme Court to have retroactive effect.

Doc. 426 at 9-10.

dismiss the other four charges made against Mr. Walker in the indictment.  Mr. Walker filed a Motion to Withdraw a Plea of Guilty, Doc. 517, and Objections to the Pre-Sentencing Investigation Report, Doc. 518, but withdrew both at sentencing.  XI Trans. at 2, 4.

Mr. Walker now seeks to appeal the judgment and the sentence.  Aplt. Br. ex. B at 1.  The Government has filed a motion to dismiss for lack of jurisdiction, relying upon the waiver of the right to appeal contained in the plea agreement, and a motion to supplement its motion to dismiss with the plea transcript.  Counsel for Mr. Walker has filed an Anders brief.  See Anders v. California, 386 U.S. 738, 744 (1967).  Counsel sent a copy of the Anders brief to Mr. Walker, Aplt. Br. ex. B, and requests to be allowed to withdraw as counsel for Mr. Walker.  Id. at 8.  Mr. Walker initially filed a Motion for Leave to Submit Pro-Se Appellate Brief but later filed a motion to withdraw it.  He subsequently filed a Statement of Issues for Appeal and Appellant's Opposition to Appellate Counsel's Opening Brief Pursuant to Anders v. California, a Motion for Stay of Proceedings, and a Motion for Appointment of Appellate Counsel to Respond to the Government's Brief.

We have reviewed the case independently, including the transcripts of the plea hearing and the sentencing proceeding, the presentence report, and Mr. Walker's motion in opposition to counsel's Anders brief.  A defendant is bound by the terms of a lawful plea agreement.  United States v. Atterberry, 144 F.3d 1299,

- 3 -

1300 (10th Cir. 1998); United States v. Libretti, 38 F.3d 523, 529 (10th Cir. 1998). A knowing and voluntary waiver of statutory right to appeal his sentence is generally enforceable. Atterberry, 144 F.3d at 1300; United States v. Hernandez, 134 F.3d 1435, 1437-38 (10th Cir. 1998). We review the question of whether the plea agreement was entered knowingly and voluntarily de novo. United States v. Rubio, 231 F.3d 709, 711 (10th Cir. 2000). Mr. Walker asserts that his guilty plea was unfairly obtained and given through ignorance and inadvertence in violation of his rights. Pro Se Aplt. Br. (Appeal Doc. 74) at 1. Mr. Walker, however, entered his plea agreement after consulting with counsel and in exchange for the dismissal of four other counts against him. XII Trans. at 7. The record reveals the district court conducted a thorough inquiry at the plea hearing, during which Mr. Walker affirmed that he understood the nature of the rights he was waiving, the charges against him, and the maximum statutory penalties. He provided the factual basis for the plea. Nothing indicates that Mr. Walker's decision to enter the plea agreement was other than knowing and voluntary or that any violation of Fed. R. Crim. P. 11 occurred. Therefore, a valid plea agreement exists and Mr. Walker is bound by the waiver unless it falls within a legal or contractual exception.

The general enforceability of a waiver of the right to a direct appeal is subject to certain legal exceptions: (1) the sentence exceeds the statutory

maximum, (2) the sentence is tainted by racial bias, or (3) the plea agreement was tainted by ineffective assistance of counsel. United States v. Cockerham, 237 F.3d 1179, 1181-82 (10th Cir. 2001). Mr. Walker did not receive a sentence in excess of the statutory maximum and has not alleged racial bias. Mr. Walker does, however, assert that he received ineffective assistance of counsel during the plea process. Pro Se Aplt. Br. at 9-10. We will not pass on his claim at this juncture for the reasons stated in United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal.").

The plea agreement Mr. Walker entered contained two contractual exceptions to his waiver of the right to appeal: (i) upward departures from the sentencing guideline range determined by the district court to apply and (ii) appeals based on cases decided after the date of the plea agreement which are held by the Tenth Circuit or Supreme Court to have retroactive effect. Doc. 426 at 10. Neither of these exceptions apply; after concluding that the applicable sentence range was 360 months to life, the district court applied Apprendi v. New Jersey, 530 U.S. 466 (2000), and sentenced Mr. Walker to 240 months, within the statutory range. See United States v. Thompson, 237 F.3d 1258, 1262 (10th Cir. 2001) (noting that neither 21 U.S.C. § 841 nor § 846 require a specific quantity of drugs as an element of the offense, the maximum sentence under these statutes was

- 5 -

twenty years, and no <u>Apprendi</u> violation occurred where the defendant was sentenced to less than twenty years).

APPEAL DISMISSED. Appellate defense counsel's request for leave to withdraw is GRANTED. Appellee's Motion to Supplement Government's Motion to Dismiss for Lack of Jurisdiction filed November 28, 2000 is GRANTED. All other pending motions are DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge