[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-12633
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 11, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00348-CR-T-26-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY L. CONEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 11, 2008)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Jimmy L. Coney appeals his conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). Coney argues that the district court abused its discretion by denying his motion to withdraw his guilty plea. We affirm.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion, United States v. Crumbley, 872 F.2d 975, 977 (11th Cir. 1989), and reverse only if the denial was "arbitrary or unreasonable," United States v. Najjar, 283 F.3d 1306, 1307 (11th Cir. 2003) (per curiam).

Under Federal Rule of Criminal Procedure 11(d)(2), a defendant may withdraw a guilty plea after the court accepts the plea but before sentencing if the district court rejects the plea agreement or "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(A)–(B). "The decision to allow withdrawal is left to the sound discretion of the trial court." United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988) (citing United States v. Stitzer, 785 F.2d 1506, 1514 (11th Cir. 1986)). In determining whether the defendant has met his burden of showing a fair and just reason for requesting the withdrawal, a district court may consider the totality of the circumstances surrounding the plea, including "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial

2

resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Id. at 472 (citation omitted).

Coney argues that his desire to go to trial from the beginning establishes that his plea was not knowing and voluntary and, as a result, the district court abused its discretion when it denied his motion to withdraw the guilty plea. This argument fails. When it accepted Coney's plea, the district court ensured that Coney was of sound mind, had not been coerced, comprehended and could read English, and had adequate representation. The district court explained at length the implications of a guilty plea. Coney's later assertion that he had wanted to go to trial since he first appeared before the court is insufficient to establish an abuse of discretion.

Coney also argues that the district court abused its discretion because it did not explicitly consider whether judicial resources would be conserved and whether the government would be prejudiced if the defendant were allowed to withdraw his plea. The government argues that we should review for plain error because Coney did not raise this argument at the district court. Regardless of the standard of review, the district court did not err. A district court need not find prejudice to the government, Buckles, 843 F.2d at 474, and the denial of Coney's motion

3

clearly served the goal of conserving judicial resources, see United States v. Freixas, 332 F.3d 1314, 1319 (11th Cir. 2003).

We affirm Coney's conviction.

**AFFIRMED.**