37 F.3d 1509
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph V. LIBRETTI, Jr., Plaintiff-Appellant,
v.
Daniel DWYER, in his individual and official capacity;
Bureau of Alcohol, Tobacco and Firearms, agents
John Doe in their individual and
official capacities,
Defendants-Appellees.
 No. 93-1373.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1994.
 
 1
 Before LOGAN and BARRETT, Circuit Judges, and RUSSELL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Joseph V. Libretti, Jr. appeals from an order dismissing his complaint and granting judgment for defendants on the basis of res judicata and collateral estoppel. We affirm.
 
 
 4
 On October 5, 1992, plaintiff pleaded guilty in the Wyoming district court of engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. 848. The plea agreement provided for forfeiture of plaintiff's property, including firearms. After accepting the plea agreement, the Wyoming district court ordered forfeiture of all of plaintiff's property, including firearms and firearms accessories.
 
 
 5
 Subsequently, plaintiff commenced this action seeking either the return or the retail value of the firearms and firearms accessories allegedly wrongfully seized by defendants during two searches of his Lakewood, Colorado residence and business in January and February 1991. Plaintiff alleged that the searches were in violation of his Second, Fourth, and Fourteenth Amendment rights.
 
 
 6
 Because of the preclusive effect of the criminal conviction, the district court held "[a]s a matter of law, the final criminal order of forfeiture ... is res judicata of the issues raised in this action and the plaintiff is collaterally estopped to relitigate any issue in this case." I R. tab 25 at 1. The court denied plaintiff's motion for reconsideration and plaintiff appealed.
 
 
 7
 In an opinion filed today in United States v. Libretti, No. 93-8000, we have affirmed the Wyoming district court's order of forfeiture. Thus, the items plaintiff seeks to have returned have been forfeited.
 
 
 8
 Accordingly, after considering the briefs and record on appeal, we affirm the district court's judgment.
 
 
 9
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470