37 F.3d 1510
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph V. LIBRETTI, Jr., Defendant-Appellant.
 No. 93-8001.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1994.
 
 1
 Before LOGAN and BARRETT, Circuit Judges, and RUSSELL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Defendant was convicted of one count of continuing criminal enterprise in violation of 21 U.S.C. 848. He was sentenced to twenty years of imprisonment, five years of supervised release, a $5,000 fine, a $50 special assessment, and 500 hours of community service. Also, as part of the sentence, the district court ordered forfeiture of defendant's property. In this appeal, defendant contests only the fine and community service portions of his sentence.[2] He argues the district court (1)erred in failing to make factual findings regarding his ability to pay a fine; (2)abused its discretion in imposing a $5,000 fine in addition to forfeiture of his assets; (3)abused its discretion in imposing 500 hours of community service; and (4)violated the Eighth Amendment ban on cruel and unusual punishment by imposing a fine and 500 hours of community service, in addition to ordering forfeiture of assets and a mandatory twenty-year sentence. We exercise jurisdiction over defendant's appeal pursuant to 28 U.S.C. 1291 and 18 U.S.C. 3742(a), and affirm.
 
 
 4
 * Defendant argues that the district court committed reversible error because it failed to make factual findings regarding his ability to pay a fine. Additionally, defendant contends that it was not implicit that the district court considered the applicable factors for imposition of a fine set forth in 18 U.S.C. 3572(a).
 
 
 5
 Section 3572(a) and U.S.S.G. 5E1.2(d) set forth factors, including ability to pay, for a district court to consider before imposing a fine. These sections only require the district court to consider the factors; they do not require the sentencing court specifically to record findings addressing each factor. See United States v. Nez, 945 F.2d 341, 343 (10th Cir.1991) (5E1.2(d)); United States v. Washington-Williams, 945 F.2d 325, 328 (10th Cir.1991) (same). In this circuit we will find satisfactory compliance with these sections if the record on appeal reflects consideration of these factors by the district court before imposing a fine. See id.[3]
 
 
 6
 The presentence report and forfeiture order were the only documents addressing defendant's ability to pay that were before the district court.[4] The presentence report indicated that defendant may have the ability to pay a fine within the Sentencing Guidelines range despite his limited assets. The applicable guidelines range for a fine was between $25,000 and $250,000. U.S.S.G. 5E1.2(c)(3) (applicable when the offense level is thirty-eight and above). The district court expressly determined that defendant did not have the ability to pay the minimum guidelines fine of $25,000 and therefore imposed a fine of $5,000. The court recognized that defendant's assets had been forfeited and determined that defendant could pay $5,000 from his earnings from work in prison industries during his incarceration. See U.S.S.G. 5E1.2(f) (if court determines defendant lacks ability to pay fine within guidelines range, court may impose lesser fine).
 
 
 7
 Based on the district court's determinations at the sentencing hearing, we conclude that the court did consider the factors set forth in 3572(a) and 5E1.2(d). The record thus reflects the basis for imposition of the fine. See Nez, 945 F.2d at 343.
 
 II
 
 8
 Defendant next argues that the district court abused its discretion in imposing a $5,000 fine. Defendant asserts he met his burden of showing his inability to pay a fine because the presentence report established that his liabilities exceeded his assets, all of his assets were forfeited or seized, and he owes retained counsel $200,000 in attorney's fees.
 
 
 9
 United States Sentencing Guideline 5E1.2(a) provides that a "court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." The district court is not required to impose the recommended guidelines fine if the defendant establishes that he currently is unable and is unlikely to become able to pay a fine. U.S.S.G. 5E1.2(f); United States v. Doyan, 909 F.2d 412, 414-15 (10th Cir.1990). Any fine imposed, along with any other sanctions, is to be punitive. U.S.S.G. 5E1.2(e).
 
 
 10
 Defendant's family hired his counsel; therefore, contrary to his objection to the presentence report, the family would be responsible for his attorney's fees. Defendant's loss of assets from his illegal activity does not insulate him from a fine. See United States v. Ruth, 946 F.2d 110, 114 (10th Cir.1991), cert. denied, 112 S.Ct. 1189 (1992). Even though, after forfeiture, he did not have assets to pay the fine, the district court correctly determined that defendant could pay a $5,000 fine by earning money working in prison industries.[5] Any fine remaining to be paid after defendant's release from incarceration can be paid while he is on supervised release; he is an educated man with significant earning potential. Thus, the forfeiture of all of defendant's assets did not preclude the district court from imposing a fine. Even though the $5,000 fine may be a burden, it is not so burdensome as to be an abuse of discretion. See United States v. Meuli, 8 F.3d 1481, 1487 (10th Cir.1993), cert. denied, 114 S.Ct. 1403 (1994).
 
 III
 
 11
 Defendant also argues that the district court abused its discretion in imposing 500 hours of community service. He contends that the amount of community service is contrary to the commentary to U.S.S.G. 5F1.3. Section 5F1.3 provides that community service may be ordered as a condition of supervised release. Application Note 1 to 5F1.3 states that community service usually should not be imposed in excess of 400 hours, because longer terms are administratively burdensome.
 
 
 12
 We recognize that the commentary may interpret a guideline or explain how it is to be applied and that failure to follow the commentary can constitute an incorrect application of a guideline. U.S.S.G. 1B1.7. However, the district court imposed 500 hours of community service in lieu of a greater fine, and in order to impose a total sanction which was punitive, see U.S.S.G. 5E1.2(f). We conclude the district court did not err under these circumstances in imposing 500 hours of community service. See 18 U.S.C. 3742(e) (court of appeals gives due deference to district court's application of the guidelines to the facts).
 
 IV
 
 13
 Finally, defendant contends that the imposition of a fine and 500 hours of community service in addition to the forfeiture of his assets and a mandatory twenty-year sentence constitutes cruel and unusual punishment under the Eighth Amendment and violates the Excessive Fines Clause of the Eighth Amendment. This argument is conclusory and wholly without merit. See Alexander v. United States, 113 S.Ct. 2766, 2775-76 (1993) (excessiveness of fine is fact question requiring evaluation of all circumstances; prohibition against cruel and unusual punishment does not apply to criminal forfeiture); United States v. Pena, 920 F.2d 1509, 1517 (10th Cir.1990) (sentence within prescribed statutory limits generally will not be cruel and unusual), cert. denied, 501 U.S. 1207 (1991).
 
 
 14
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Defendant also has appealed the order of forfeiture. In a published opinion also filed today, we affirm the district court's order of forfeiture. See United States v. Libretti, No. 93-8000
 
 
 [3]
 We recognize that an opinion in another circuit, United States v. Harvey, 885 F.2d 181, 183 (4th Cir.1989)--applying 18 U.S.C. 3622 which was superseded by 3572--stated that although the statute does not require the district court to make specific findings with regard to the listed factors, findings are essential to effective appellate review of the fine imposed
 
 
 [4]
 Defendant had the burden of presenting evidence concerning his ability to pay a fine to the extent his ability to pay was not adequately or accurately addressed in the presentence report. See U.S.S.G. 5E1.2(a); United States v. Ballard, 16 F.3d 1110, 1114 (10th Cir.), cert. denied, 114 S.Ct. 2762 (1994). He here offered no additional evidence regarding an inability to pay a fine
 
 
 [5]
 On the average, a federal inmate can earn $1,000 per year working in prison industries. United States v. Williams, 996 F.2d 231, 234 (10th Cir.1993) (citing Administrative Office of the United States Courts, Bringing Criminal Debt into Balance: Improving Fine & Restitution Collection 17 (1992))