46 F.3d 1151
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph V. LIBRETTI, Jr., Plaintiff-Appellant,
v.
Robert C. MEYER, Richard Halpin, Officers Jane Doe and
Officers John Doe, in their individual and
official capacities, Defendants-Appellees.
 No. 94-1413.
 United States Court of Appeals, Tenth Circuit.
 Jan. 4, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Joseph V. Libretti, Jr. (Libretti), appearing pro se, appeals from the district court's order granting appellees' motion for summary judgment on qualified immunity grounds. Libretti filed this civil rights action pursuant to 42 U.S.C.1983 alleging that his Fourth Amendment rights were violated by virtue of an improperly issued search warrant which was executed outside its scope and authority.
 
 
 3
 Libretti is presently incarcerated at F.C.I. Phoenix, serving a 20-year federal sentence following his guilty plea to charges of Continuing Criminal Enterprise. His prosecution followed police investigations into drugs and arms trafficking in the Lakewood, Colorado, area, culminating in a search of Libretti's property at 2440 Willow Lane, Lakewood, Colorado. The search conducted by the defendants-appellees resulted in the seizure of drugs, drug paraphernalia, weapons, and a large amount of cash.
 
 
 4
 On appeal, Libretti argues that the district court erred in granting the defendants-appellees' motion for summary judgment because (1) the defendants failed to show the absence of a genuine issue as to a disputed material fact, i.e., whether or not the property alleged in the complaint was seized outside the scope and authority of the search warrant and whether the search warrant tended to identify any person or persons in control of or occupying the residence at 2440 Willow Lane, (2) Libretti was not provided an adequate opportunity for discovery, (3) the district court gave the word "monies" an overly broad definition which was clearly erroneous, (4) the district court failed to advise Libretti, appearing pro se, of his right to file counter-affidavits or other responsive material, and (5) the district court erred in holding that the seizure of Libretti's books was only a de minimis violation of his First Amendment rights.
 
 
 5
 We have reviewed the entire record on appeal and have considered the briefs of the parties.
 
 
 6
 We AFFIRM for substantially the reasons set forth in the Recommendation of the United States Magistrate Judge filed August 24, 1993, the Order of the district court filed December 21, 1993, and the subsequent Order of the District court filed July 21, 1994.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470