**UNITED STATES COURT OF APPEALS**
**Filed 6/4/96**
**TENTH CIRCUIT**

---

JOSEPH V. LIBRETTI, JR., )
 )
 Plaintiff-Appellant, )
 )
 v. ) No. 95-8073
 ) (D.C. Nos. 93-CV-38 and 94-CV-246)
MONTY MECHAM, in his individual capacity ) (D. Wyoming)
and in his official capacity as Green River )
Police Department Lieutenant; TONY YOUNG,)
individually and in his official capacity as an )
agent of the Wyoming Division of Criminal )
Investigation; KENNETH BRAY, individually )
and as an agent of the Bureau of Alcohol, )
Tobacco and Firearms, )
 )
 Defendants-Appellees. )

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON, BARRETT** and **LOGAN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff pro se Joseph V. Libretti, Jr. appeals the district court's judgment dismissing his 42 U.S.C. § 1983 claims alleging defendants violated plaintiff's civil rights in connection with searches and seizures conducted during an investigation of plaintiff for drug trafficking.  As a result of that investigation, plaintiff pleaded guilty to a charge of continuing criminal enterprise and agreed to a forfeiture of assets.  He later challenged the forfeiture order, which was upheld.  See United States v. Libretti, 38 F.3d 523, 525 (10th Cir. 1994), affirmed, 116 S. Ct. 356 (1995).

In his two complaints, which were consolidated by the district court, plaintiff alleged defendants violated his Fourth Amendment rights against unreasonable search and seizure.  The district court found that plaintiff's guilty plea in the criminal case precluded relitigation of the search and seizure issues, including those by the state authorities, citing Metros v. United States Dist. Court for Dist. of Colo., 441 F.2d 313, 317 (10th Cir. 1971).  We have considered the arguments in appellant's brief and examined the record and are satisfied that the district court accurately summarized the facts and correctly applied the law.  We therefore AFFIRM for substantially the reasons stated by the district

court in its order of September 29, 1995.

**AFFIRMED.**

The mandate shall issue forthwith.

Entered for the Court

James K. Logan
Circuit Judge