**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 31 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

JOSEPH V. LIBRETTI, JR.,

        Defendant,

---

DR. JOSEPH V. LIBRETTI, SR.,

        Third Party Claimant-
Appellant.

No. 97-8040
(D.C. No. 92-CR-0006-01B)
(D. Wyo.)

---

**ORDER AND JUDGMENT** [*]

---

Before **TACHA** and **McKAY** , Circuit Judges, and    **BROWN,** [**] Senior District
Judge.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Wesley E. Brown, Senior District Judge, United States District
Court for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellant Dr. Joseph V. Libretti, Sr., proceeding pro se, appeals from the district court's final order of forfeiture in a criminal case. The order, in part, addressed his third party claims to certain property pursuant to 21 U.S.C. § 853(n). For the following reasons, we dismiss in part on mootness grounds and affirm in part.

Pursuant to a plea agreement, defendant Joseph V. Libretti, Jr., Dr. Libretti's son, pleaded guilty to engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 and agreed to forfeit numerous assets. On December 23, 1992, as part of defendant's sentence, the district court entered an order of forfeiture pursuant to 21 U.S.C. § 853. The order listed specific property to be forfeited, including real estate referred to as the Star Valley Ranch, various firearms, cash, several bank accounts, a number of cashier's and traveler's checks, and various investments. Defendant appealed from the order of forfeiture, and this court and the Supreme Court affirmed. See United States v. Libretti, 38 F.3d 523 (10th Cir. 1994), aff'd, 516 U.S. 29 (1995).

In January 1993, pursuant to the direction in the December 23, 1992, order of forfeiture, the government gave direct notice of the forfeiture order to Dr. Libretti. Dr. Libretti filed third party petitions, prepared by defendant, making claims with respect to two bank accounts, the Star Valley Ranch, the First Federal Bank cashier's checks, and the GNMA and FNMA securities. On March 26, 1993, the district court held a hearing on third-party claims. Dr. Libretti did not appear at the hearing. Rather, his wife, Beverly Libretti, appeared on his behalf. At the hearing, Mrs. Libretti informed the court that Dr. Libretti's claims concerned only the two bank accounts and the Star Valley Ranch. See 13 R. at 41, 44, 58. Later in the hearing, the government asked the district court to clarify whether Dr. Libretti was making a third party claim to the GNMA certificates, the cashier's checks, or other financial instruments. The court responded that no third party claims had been made to that property at the hearing, and, therefore, any such claims were waived. See id. at 112; see also 1 R. Doc. 338 at 12-13; 2 R. Doc. 465 at 1-6.

On April 2, 1993, the district court amended the December 23, 1992, forfeiture order by, among other things, granting Dr. Libretti's third party claims to the two bank accounts. The court reserved ruling on the Star Valley Ranch claim and directed the magistrate judge to hold a fact-finding hearing on the source of funds used to purchase the property. The court denied Dr. Libretti's

claims to the cashier's checks and the GNMA and FNMA securities pursuant to § 853(n)(6)(A). Thereafter, Dr. Libretti filed third party claims to various firearms that were in the possession of the State of Wyoming.

On May 2, 1997, after defendant's appeals had been affirmed, the government filed a motion seeking resolution of the third party claims and entry of a final order of forfeiture. The government moved to dismiss the forfeiture action against the Star Valley Ranch and the firearms in possession of the State of Wyoming, to allow the State to pursue a forfeiture action against the property. The district court entered a final order of forfeiture on May 5, 1997. In relevant part, it confirmed the April 2, 1993, order as to the bank accounts, and dismissed the Star Valley Ranch and the firearms in possession of the State of Wyoming from the forfeiture action in favor of state forfeiture proceedings. Dr. Libretti now appeals.

I. Mootness of claims to Star Valley Ranch, firearms, and two bank accounts

On appeal, Dr. Libretti raises several arguments regarding the Star Valley Ranch, the firearms, and the two bank accounts. Specifically, he argues that (1) his property interests were unconstitutionally taken from him because § 853 permits a criminal defendant to forfeit an innocent third party's interests in property as part of a plea agreement; (2) the district court did not engage in meaningful adversarial testing to determine his interests, because he was

precluded from participating in the criminal proceedings by § 853(k)(1); (3) he was entitled to a jury trial to determine whether his property interests were forfeitable; (4) the evidence was insufficient to prove that the Star Valley Ranch was forfeitable; (5) the district court erroneously used the civil forfeiture probable cause standard, rather than the criminal forfeiture preponderance of the evidence standard, in determining his third party property interests in the April 2, 1993, order; (6) the district court violated his due process rights by failing to issue subpoenas and by failing to holding a second evidentiary hearing as promised; (7) the district court denied him due process by failing to allow Mrs. Libretti to call defendant as a witness at the March hearing, permitted by § 853(n)(5); (8) the forfeiture was unconstitutional because the district court was not confident that the Star Valley Ranch was forfeitable; (9) the government did not comply with the publication requirements of § 853(n)(1) with respect to the firearms; and (10) his claims should have been granted because defendant had no power to forfeit Dr. Libretti's property interests. The government contends that these arguments are moot because the final order of forfeiture returned the bank accounts to Dr. Libretti and dismissed the Star Valley Ranch and relevant firearms from the forfeiture proceedings.

We address mootness as a threshold question, because we lack subject matter jurisdiction over the appeal of a moot issue. See Golfland Entertainment

-5-

Ctrs., Inc. v. Peak Inv., Inc. (In re BCD Corp.), 119 F.3d 852, 856 (10th Cir. 1997). "The constitutional mootness doctrine is grounded in Article III's requirement that federal courts only decide 'actual, ongoing cases or controversies.'" Phelps v. Hamilton, 122 F.3d 1309, 1326 (10th Cir. 1997) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Yellow Cab Coop. Ass'n v. Metro Taxi, Inc. (In re Yellow Cab Coop. Ass'n), 132 F.3d 591, 594-95 (10th Cir. 1997) (quotations omitted).

We conclude the ten arguments listed above are moot. The bank accounts have been returned to Dr. Libretti, and the Star Valley Ranch property and the firearms were dismissed from the federal forfeiture proceedings in deference to state forfeiture proceedings. The government suggests that, if the State of Wyoming does not forfeit the firearms, the government will later seek forfeiture of the property. See 2 R. Doc. 464 at 13. This suggestion is not a sufficient possible collateral consequence to present an ongoing controversy. See McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996) (requiring party seeking only equitable relief to prove good chance of future injury to avoid application of mootness doctrine). Any possibility that the government will reinstitute forfeiture proceedings is too conjectural and

-6-

speculative to overcome the mootness doctrine.    See Jones v. Temmer , 57 F.3d 921, 923 (10th Cir. 1995).

Although a federal court may not issue decisions on moot questions,    see Southern Utah Wilderness Alliance v. Smith    , 110 F.3d 724, 727 (10th Cir. 1997), "[a]n exception to the mootness doctrine arises in cases which are capable of repetition, yet evading review[,]"    id. at 729.  Dr. Libretti does not argue that this case falls within the narrow exception to mootness, and we do not believe the case falls within the exception.  In the event the government does bring another forfeiture action, it would be reviewable at that time.    Accordingly, this portion of the appeal is dismissed as moot.

II.  Waiver of claims to GNMA and FNMA securities and cashier's checks

Most of the remainder of Dr. Libretti's arguments on appeal concern the GNMA and FNMA securities and the cashier's checks.  Dr. Libretti argues that because the government did not comply with the publication requirements of § 853(n)(1) he was deprived of GNMA certificate 03082345SF without just compensation or due process of law.  According to Dr. Libretti, the May 5, 1997, final order of forfeiture improperly forfeited this GNMA certificate without notice even though it was not listed in the December 23, 1992, order of forfeiture.

The December 23, 1992, order of forfeiture incorrectly listed the GNMA certificate as number 30296455F. After recognizing the error, the government moved to correct the certificate number. <u>See</u> 2 R. Doc. 409 & Attach. (government's motion seeking correction of certificate number and supporting affidavit). The May 5, 1997, final order of forfeiture merely reflected the correction. Dr. Libretti, nonetheless, maintains the government was required to publish notice pursuant to § 853(n)(1) of the forfeiture of this property after the May 5, 1997, order was entered. Its failure to do so, submits Dr. Libretti, precluded him from having an opportunity to petition for a hearing on his third party claims to the property. Dr. Libretti admits, however, that he did file a third party claim regarding GNMA certificate 03082345SF. <u>See</u> Appellant's Opening Br. at 17.

We conclude Dr. Libretti's notification argument is without merit. The government did comply with the notice requirements at the appropriate time. The May 5, 1997, final order of forfeiture merely corrected the incorrect certificate number indicated in the December 23, 1997 order.

Dr. Libretti argues the evidence was insufficient to prove that the GNMA and FNMA securities and the cashier's checks were subject to forfeiture. He also makes many of the same arguments about these items of property that he made about the Star Valley Ranch, the firearms, and the two bank accounts.

Dr. Libretti, however, failed to assert any third party claims to the GNMA and FNMA securities and the cashier's checks at the March 26, 1993 hearing. Rather, Ms. Libretti waived any claim to this property at the hearing. Due to the waiver, we conclude the district court properly denied any claims to this property.

III. Proper dismissal of Star Valley Ranch in favor of state proceedings

Finally, Dr. Libretti argues the district court should have dismissed the forfeiture of the Star Valley Ranch without qualification, rather than dismissing the forfeiture in favor of state proceedings. This conclusory argument is without merit. The government properly requested the district court to dismiss the forfeiture proceedings in favor of the State of Wyoming's own forfeiture proceedings. See 2 R. Doc. 464, Ex. 1. Thus, we conclude the district court's dismissal was proper.

The appeal is DISMISSED in part as moot, and the judgment of the United States District Court for the District of Wyoming is AFFIRMED in part. The mandate shall issue forthwith.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

-9-