UNITED STATES of America, Plaintiff–Appellee,

v.

Joseph V. LIBRETTI, Jr., Defendant–Appellant.

United States of America, Plaintiff–Appellee,

v.

Joseph V. Libretti, Jr., Defendant–Appellant.

Nos. 00–8092, 01–8023.

United States Court of Appeals, Tenth Circuit.

Oct. 3, 2001.

---

Before TACHA, Chief Judge, BALDOCK, Circuit Judge, and BRORBY, Senior Circuit Judge.

ORDER AND JUDGMENT *

TACHA, Chief Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

This order and judgment resolves two appeals filed by Joseph V. Libretti, acting pro se. In case No. 00–8092, he appeals orders generally relating to the forfeiture aspect of his criminal sentence. In case No. 01–8023, he seeks a certificate of appealability (COA) following the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. As a matter of judicial efficiency, we have companioned the cases for purposes of disposition.

## BACKGROUND

Libretti was charged with numerous counts of drug, firearms, and money laundering violations, including continuing criminal enterprise, 21 U.S.C. § 848. After one week of trial, he pled guilty to engaging in a continuing criminal enterprise and agreed to forfeit " 'his right, title, and interest in all of his assets . . . including, but not limited to: all real estate; all personal property, . . . and every other item now in the possession of the United States; all bank accounts, investments, retirement accounts, cash, cashier's checks, travelers checks and funds of any kind.' " *Libretti v. United States*, 516 U.S. 29, 33–34, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995) (quoting plea agreement). "It is beyond dispute that Libretti received a favorable plea agreement." *Id.* at 34, 116 S.Ct. 356. Libretti was sentenced to a term of twenty-years imprisonment, followed by five years of supervised release; ordered to pay a $5,000 fine and a $50 special assessment fee; and required to perform 500 hours of community service. *Id.* at 35, 116 S.Ct. 356.

On December 23, 1992, the district court entered an order of forfeiture as part of Libretti's criminal sentence. The court then held a hearing concerning outstanding third-party claims, at which time Libretti was given ample opportunity to speak. Based on the hearing testimony and argument, the district court determined that certain property should be returned to third-party claimants. The order of forfeiture was affirmed by this court and the Supreme Court. *See United States v. Libretti*, 38 F.3d 523 (10th Cir.1994), *aff'd*, 516 U.S. 29, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995). A final order of forfeiture (itemizing forfeited firearms, real property, vehicles, cash, checks, certificates, bank accounts, and investment accounts) was entered on May 5, 1997. The imposition of the fine and the requirement of community service were also affirmed. *See United States v. Libretti*, No. 93–8001, 1994 WL 573940, at *3 (10th Cir. Oct.19, 1994).

Libretti has been persistent in challenging the validity of his guilty plea and, in particular, the forfeiture aspect of his sentence. *See United States v. Libretti*, No. 99–8047, 2000 WL 192944 (10th Cir. Feb.17, 2000) (concerning motion for return of $33,1060 in currency taken in defective administrative forfeiture); *United States v. Libretti*, Nos. 97–8039, 97–8044, 97–8089, 1998 WL 644265 (10th Cir.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Sept.9, 1988) (concerning appeal of final order of forfeiture and challenge to administrative forfeiture of $33,160 in currency); *Libretti v. Mecham*, No. 95–8073, 1996 WL 293822 (10th Cir. June 4, 1996) (holding that Libretti's guilty plea precluded civil rights complaint concerning searches and seizures conducted during investigation of drug trafficking); *Libretti v. Meyer*, No. 94–1413, 1995 WL 3956 (10th Cir. Jan.4, 1995) (affirming dismissal of civil rights claim of improper search of Libretti's property in Lakewood, Colorado); *Libretti v. Bray*, Nos. 93–8096, 93–8097, 1994 WL 573919 (10th Cir. Oct.19, 1994) (affirming entry of summary judgment on civil rights claim arising from execution of searches of Libretti's property in Green River, Wyoming); *Libretti v. Dwyer*, No. 93–1373, 1994 WL 573929 (10th Cir. Oct.19, 1994) (rejecting Libretti's requests for return of forfeited firearms and firearms accessories); *In re Search of 2440 Willow Lane*, No. 93–1134, 1994 WL 573930 (10th Cir. Oct.19, 1994) (dismissing appeal of order denying a return of forfeited property); *Libretti v. Miller*, No. 94–1068, 1994 WL 573936 (10th Cir. Oct.19, 1994) (dismissing appeal concerning search of rental storage unit). *See also United States v. Libretti*, No. 97–8040, 1998 WL 458557 (10th Cir. July 31, 1998) (rejecting third-party claim to certain forfeited property). In the instant cases, Libretti continues this practice.

## No. 00–8092

Case No. 00–8092 has its origins in earlier actions seeking the return of $36,160 in currency. The currency was not included in the criminal order of forfeiture because the government believed that it had been administratively forfeited before commencement of Libretti's trial. The government, however, had failed to send Libretti notice of the administrative proceedings at his known place of incarceration. Twice the district court upheld the administrative forfeiture and twice this court remanded the matter for further consideration. *See Libretti*, 2000 WL 192944, at *3 (remanding the case based on the notice requirements set out in *United States v. Clark*, 84 F.3d 378, 381 (10th Cir.1996)); *Libretti*, 1998 WL 644265, at *6 (remanding for development of factual information and legal analysis). Upon the second remand, the government requested the $36,160 to be returned to Libretti. The district court granted the government's motion and the money was returned.

Viewing the second remand as an opportunity to make additional demands in the district court, Libretti filed numerous motions. The court rejected them all, including requests for reconsideration. Libretti now appeals from the district court's orders.

On appeal, each of Libretti's arguments may be dealt with summarily. First, Libretti claims entitlement to an award of interest on the returned currency and also to costs under the Equal Access to Justice Act, 28 U.S.C. § 2412. We have previously held that in forfeiture cases such as this one, commenced prior to August 23, 2000, "sovereign immunity prohibits the award of interest on currency" returned to a claimant. *United States v. 30,006.25 in U.S. Currency*, 236 F.3d 610, 614–15 (10th Cir.2000), *petition for cert. filed* (U.S. Apr. 23, 2001) (No. 00–10412). Furthermore, the district court did not abuse its discretion in denying an award of costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, and Fed.R.Civ.P. 54(d). The record supports a conclusion that "the position of the United States was substantially justified or that special circumstances [would] make an award unjust." § 2412(d)(1)(A). *See Pierce v. Un-*

*derwood,* 487 U.S. 552, 560, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (setting out the "deferential, abuse-of-discretion standard" for review of whether the government's position was substantially justified).

■ Major portions of Libretti's appellate filings concern the forfeiture of an account from R.A.F. Financial Corp., which was turned over to the government in 1999. Libretti's motion in the district court for return of this account asserted that the seizure of the account was invalid solely because of a numerical error in the final order of forfeiture: one digit of the ten-digit account number of the seized account varied from the R.A.F. account number listed in the order. The district court denied the motion, concluding that although the forfeiture order was partially incorrect, it was sufficiently precise to provide the notice required by due process. We agree and, moreover, reject all of Libretti's subsequent arguments concerning the R.A.F. account. The property was forfeited as part of Libretti's criminal sentence. We find Libretti's claims to additional items of property, such as an Andy Warhol sketch, to be similarly without merit.

Libretti also asserts that the requirement in the district court's written sentencing order that he pay a $50 special assessment fee is a clerical error to be corrected under Fed.R.Crim.P. 35. To dispose of this claim, we need only refer to the statutory imposition of a special assessment fee for every count of conviction. *See* 18 U.S.C. § 3013.

■ Libretti's final contention is that the district court erred in denying his motion for entry of a contempt order against the government for failure to comply with an order requiring the return of documents seized as evidence in the criminal case. "A district court may exercise broad discretion in using its contempt power to assure compliance with its orders. This court reviews a district court's exercise of its discretion for abuse of discretion." *Rodriguez v. IBP, Inc.,* 243 F.3d 1221, 1231 (10th Cir.2001) (citations omitted), *petition for cert. filed* (U.S. Aug. 28, 2001) (No. 01–378). We see no abuse of discretion in the district court's actions.

We have considered all the arguments in appellant's brief and examined the record. We are satisfied that the district court conscientiously analyzed the facts and correctly applied the law. The district court judgment is affirmed. Libretti's motion for a limited remand to the district court and all other pending motions are denied.

No. 01–8023

■ In this matter, Libretti seeks a COA permitting him to appeal the district court's denial of his § 2255 habeas motion. In order to obtain a COA, Libretti must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). He may do so by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Libretti's application lists and discusses fifteen issues for our review. These issues may be grouped into three overlapping categories: (1) claims of district court error in conducting § 2255 proceedings, including the district court's refusal to consider the last four of Libretti's six supplemental filings or to hold an evidentiary hearing; (2) claims relating to Libretti's assistance of counsel, including an assertion that, without the seized $36,160 in currency, he could not retain counsel of his choice; and (3) claims of district court error in accepting and effectuating his guilty plea. After carefully reviewing the

district court record, the COA application, the opening brief, and Libretti's miscellaneous filings, we conclude that Libretti has not demonstrated entitlement to a COA on any issue.

We therefore deny Libretti's request for a COA and dismiss this appeal. Libretti's motions concerning a limited remand are denied. Additionally, his motion to hold appeal in abeyance is denied as moot.

## CONCLUSION

The judgment of the district court No. 00–8092 is AFFIRMED. In No. 01–8023, the appeal is DISMISSED. All pending motions are DENIED. The mandate shall issue forthwith.

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.