F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**September 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSEPH V. LIBRETTI, JR.,

    Defendant-Appellant.

No. 06-8019
(D.C. No. 97-CV-84-B)
(D. Wyo.)

---

**ORDER DENYING A CERTIFICATE OF APPEALABILITY AND
DENYING IMPLIED REQUEST FOR LEAVE TO FILE A SUCCESSIVE
HABEAS APPLICATION**

---

Before **KELLY**, **McKAY,** and **LUCERO**, Circuit Judges.

---

Joseph V. Libretti, Jr., a federal prisoner proceeding pro se, requests a

certificate of appealability ("COA") to appeal the district court's denial of his

motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(5) and (6). In

his Rule 60(b) motion, Libretti seeks relief from the November 8, 1999 denial of

his 28 U.S.C. § 2255 application. Relying on Gonzales v. Crosby, 125 S. Ct. 2641

(2005), Libretti argues that the "illegal" forfeiture of $33,160 in currency affected

the integrity of his § 2255 proceedings because without the seized currency he

could not obtain the counsel of his choice to represent him. The district court,

however, interpreted Libretti's motion as a successive § 2255 application filed

without leave of this court as required by § 2255, and denied it for lack of subject-matter jurisdiction. Because we agree that Libretti's Rule 60(b) motion is a successive habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we will construe his notice of appeal and appellate brief as an implied application under § 2255 for leave to file a successive habeas petition in the district court.[1] See 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). We **DENY** his application, **DENY** his request for a COA, and **DISMISS**.

Libretti has a long history of appellate actions before this court stemming from his 1992 conviction for engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. See United States v. Libretti, 28 F. App'x 754, 756-57 (10th Cir. 2001) (unpublished opinion) (collecting cases). This case has its foundation in earlier actions seeking the return of $33,160 in currency. That currency was not included in his criminal order of forfeiture because the government believed that it had been administratively forfeited before the commencement of Libretti's trial. The government had, however, failed to send Libretti notice of the administrative proceedings at his known place of incarceration. See id. at 757. "Twice the district court upheld the administrative

---

[1] In 2001, Libretti filed application for leave to file a successive habeas petition, which was denied. Libretti v. United States, No. 01-8079 (10th Cir. Oct. 31, 2001) (unpublished order).

forfeiture and twice this court remanded the matter for further consideration." Id. After the second remand the government requested the funds be returned to Libretti. Id. The district court granted the government's motion and the money was returned in March of 2000.

In issues five and seven of Libretti's original § 2255 application filed in 1997, he claimed that without the seized $33,160 in currency, he could not retain counsel of his choice at trial or on appeal, respectively. Libretti grounded his claims on his constitutional right to the counsel of his choice under the Fifth Amendment. Upon recommendation of the magistrate, the district court dismissed his § 2255 application, finding issues five and seven meritless "because the forfeiture was legal under 21 U.S.C. § 853." Libretti filed a motion under Fed. R. Civ. P. 59(e) within ten days of the district court's denial of his § 2255 application in which he argued that the district court had misapprehended the argument raised in his application, that his right to counsel was infringed because the Government had refused to return assets that were not forfeited. Subsequently, on March 6, 2000, while the first motion was still pending, Libretti filed a subsequent motion under Rule 59(e) based on this court's decision in United States v. Libretti, No. 99-8047, 2000 U.S. App. LEXIS 2499 (10th Cir. Feb. 17, 2000) (unpublished opinion), which held that the Government had failed to provide proper notice in its administrative forfeiture of the $33,160. The district court interpreted this subsequent motion as a Rule 60(b) motion because it

was filed more than ten days after the judgment on his § 2255 application was entered. Libretti filed a second supplement to his original § 59(e) motion on March 14, 2000, which was similarly interpreted. The district court rejected Libretti's contentions of error in his initial Rule 59(e) motion, finding that Libretti "complains that this Court distorted his issues five through seven . . . . Here [Libretti] does not present any additional arguments which were not previously considered by this Court's Order. Rather, he merely rehashes his previous arguments." Finding no manifest errors of law or newly discovered evidence, the district court thus denied Libretti's initial Rule 59(e) motion. The district court interpreted Libretti's March 6 and March 14, 2000 supplemental motions as Rule 60(b) motions which were in fact second or successive habeas applications. Accordingly, it dismissed them for lack of jurisdiction under Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir. 1998). In its January 19, 2001 Order denying Libretti's Rule 59(e)/60(b) motions, the district court denied Libretti's request for a stay of judgment under Rule 62(b), specifically recognizing that our decision in Libretti, 2000 U.S. App. LEXIS 2499, had been decided when it did so.

This court considered and rejected Libretti's claims of error when it refused to grant him a COA to appeal the district court's denial of his § 2255 petition. United States v. Libretti, 28 F. App'x 754 (10th Cir. 2001). In his application for a COA, Libretti specifically raised his contention that our ruling in Libretti, 2000

U.S. App. LEXIS 2499, was a basis to reverse the district court's denial of his § 2255 application. See Libretti, 28 F. App'x at 759 (listing among Libretti's claims, those "relating to Libretti's assistance of counsel, including an assertion that, without the seized $3[3],160 in currency, he could not retain counsel of his choice"). In rejecting his request for a COA, we ruled that "Libretti has not demonstrated entitlement to a COA on any issue." Id.

On November 28, 2005, Libretti filed the present Rule 60(b) motion which is based on the Government's retention of the same $33,160 which was the focus of Libretti's prior appeals. However, in this case, Libretti reasserts his prior argument that the Government's retention of the cash resulted in his inability to retain counsel of choice at trial and on appeal, and adds a claim that the retention also resulted in his inability to retain counsel to prepare his § 2255 application. Libretti argues that this defect affected the integrity of the habeas proceeding itself. He argues that Gonzalez v. Crosby, 125 S. Ct. 2641 (2005), provides him the basis to reopen his habeas proceeding, and to reverse the district court's original disposition of his counsel of choice arguments. Libretti's argument that he was deprived of counsel of choice under the Fifth Amendment in filing his § 2255 application is identical to his arguments that he was so deprived at trial and on appeal.

In Gonzalez, the Supreme Court explained that Rule 60(b) motions that do not seek to attack the substance of the district court's resolution of the matter on

the merits are not subject to AEDPA's restrictions on successive habeas applications.[2] Id. at 2647-48. Under AEDPA, claims that were adjudicated in a previous petition must be dismissed. Id. at 2646 (explaining requirements of § 2244(b) which apply to successive § 2255 applications). "Any claim that was not already adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." Id.

Under Gonzalez, we must first determine if the claim at issue was presented in a prior habeas application; if so, we must dismiss the petition. If the issue was not presented it must likewise be dismissed unless it falls within one of two narrow exceptions in AEDPA described above. Id. Libretti's brief before this court is an artful attempt to separate his counsel of choice at trial and on appeal arguments from his counsel of choice habeas claim.

Nevertheless, the asserted basis for relief is the same – that the Government's deprivation of the $33,160 resulted in Libretti's inability to hire counsel of choice. See id. at 2647 (holding that "a 'claim' as used in § 2244(b) is an asserted federal basis for relief"). A substantial portion of his Rule 60(b) motion is focused on his contention that this court's order and judgment in Libretti, 2000 U.S. App. LEXIS 2499, "washed away the foundation for the denial

---

[2] While Gonzalez dealt with § 2254, its reasoning is also applicable to § 2255.

-6-

of Issues 5 and 7 of Mr. Libretti's § 2255 motion." Further, in his brief before this court Libretti requests an order to the district court to fashion appropriate habeas relief. His requested relief underlines the fact that the merits of issues five and seven are substantially similar to the argument he currently advances. A filing that "seeks vindication of such a claim is, if not in substance, a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be inconsistent with the statute." Gonzalez, 125 S. Ct. at 2647. Libretti is unequivocally reasserting his substantive claim of error as to his federal conviction. In this case, a resolution of Libretti's argument that the Government's retention of the $33,160 resulted in his inability to hire counsel of choice for his § 2255 application, is "similar enough" to his original habeas application's issues five and seven that it must be subject to the requirements of § 2244(b). See § 2255 (incorporating standard from § 2244 for successive § 2255 applications).

Libretti also contends that the district court did not decide his counsel of choice claims on the merits because it lacked jurisdiction to consider his successive petition. This argument is unpersuasive. The district court clearly decided Libretti's issues on the merits. Libretti now seeks to reargue those merits. As explained by the Supreme Court, a determination "on the merits" refers to a determination that there exist or do not exist grounds entitling a petitioner to habeas relief." Id. at 2648, n.4.

Therefore, Libretti's Rule 60(b) motion is properly treated as a successive § 2255 application. As such, he was required to seek preauthorization from this court prior to filing this motion, which he failed to do. We construe the notice of appeal and appellate brief as an implied application under 28 U.S.C. § 2255 for leave to file a successive habeas application in the district court. We have thoroughly reviewed the matter and conclude that Libretti has failed to make the prima facie showing required by § 2255. Accordingly, the implied application to file a successive § 2255 application is **DENIED**, his request for a COA is **DENIED**, and his appeal is **DISMISSED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

-8-